## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ANDREA MOOK,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **Case No. 07-2152-CM** |
| **DOUGLAS GERTSEMA, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action alleging that her supervisor sexually harassed, battered, and assaulted her and created a hostile working environment. The case is before the court on plaintiff's Application for Clerk's Entry of Default or Motion for Entry of Default Against Defendant Douglas Gertsema (Doc. 36). Defendant Gertsema responded to plaintiff's motion and filed a Motion for Extension of Time and Order *Nunc Pro Tunc* Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Alternative Motion to Set Aside Entry of Default Pursuant to Federal Rule of Civil Procedure 55(c) (Doc. 43). For the following reasons, the court determines that defendant Gertsema should be allowed to file his answer out of time. Default is therefore inappropriate.

Defendant Gertsema's answer to plaintiff's original complaint was due twenty days after service, which was September 3, 2007, a holiday. *See* Fed. R. Civ. P. 12(a). The answer was therefore due the next day, September 4, 2007. *See id.* 6(a)(3), (4). Defendant Gertsema answered the complaint on September 13, 2007, without seeking leave to file the answer out of time or requesting from the court an extension of time to file. Defendant's pending motion for extension of time represents the first time that defendant has sought leave to file his answer to the original

complaint out-of-time.  Because of defendant Gertsema's nine-day delay in answering plaintiff's complaint, plaintiff now asks the court to rule that defendant Gertsema is in default.

This court has discretion to grant a defendant leave to file an answer out of time if the defendant shows good cause and that excusable neglect caused the delay.  *Id.* 6(b)(1)(B); *Jetcraft Corp. v. Banpais, S.A. De C.V.*, 166 F.R.D. 483, 485 (D. Kan. 1996) (citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)).  Defendant Gertsema represents that he believed in good faith that plaintiff had agreed to allow him an additional ten days to answer.  He also contends that plaintiff has not suffered any prejudice by the short delay.  Plaintiff argues that the parties never formed an agreement that defendant could have a ten-day extension to file his answer, and that even if they did, such agreement would have no effect absent court or clerk approval.  *See* D. Kan. R. 77.2(a)(2) (authorizing the clerk to grant an order extending for ten days the time to answer if the original deadline has not passed).

The court has reviewed the emails and letter attached to the filings related to plaintiff's motion.[1]  It is immaterial whether the parties actually formed an agreement that defendant could file his answer out of time.  Rather, the relevant inquiry is whether defendant has shown cause and excusable neglect for the delay.  The court finds that he has.  The emails between the parties are not clear.  The court finds it reasonable that current defense counsel, who was not directly involved in the communication between plaintiff's attorney and defendant's prior attorney, understood that an answer filed ten days late would not be challenged.  There is no evidence in the record that defendant Gertsema acted in bad faith.  Defendant Gertsema has subsequently participated in the

---

[1] Although the documents are not authenticated, neither party challenges their authenticity or reliability.

case, and even filed an answer to plaintiff's amended complaint despite not being served with the amended complaint. Moreover, plaintiff suffers no prejudice by the court's acceptance of defendant's nine-day-late answer.

In sum, the court finds that defendant Gertsema has shown cause and excusable neglect for the delay. Because the court determines that defendant Gertsema's answer shall be deemed timely-filed, plaintiff's motion for entry of default is denied as moot.

It is apparent to the court that the parties have tried to cooperate and show professional courtesy toward one another during the pendency of this case. It appears that the instant motion is before the court because of at least one misunderstanding. In the future, the court encourages the parties to attempt to resolve misunderstandings such as this without court intervention. Default judgment is not favored by the court, and even if the court were inclined to enter default against defendant Gertsema for filing his answer nine days late, the court would find that default should be set aside for good cause shown. *See* Fed. R. Civ. P. 55(c). The court prefers to resolve cases on their merits, and the circumstances of this case do not justify disposing of the case without giving defendant Gertsema the opportunity to defend it on the merits.

**IT IS THEREFORE ORDERED** that plaintiff's Application for Clerk's Entry of Default or Motion for Entry of Default Against Defendant Douglas Gertsema (Doc. 36) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendant's Motion for Extension of Time and Order *Nunc Pro Tunc* Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Alternative Motion to Set Aside Entry of Default Pursuant to Federal Rule of Civil Procedure 55(c) (Doc. 43) is granted in part and denied in part as moot. The court grants defendant Gertsema leave to file his answer out of time and will consider his September 13, 2007 answer timely-filed.

Dated this 23rd day of July 2008, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**