IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREA MOOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 07-2152-CM |
| DOUGLAS GERTSEMA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the court on a motion filed by plaintiff's former attorney, John B. Gage, titled "Motion to Vacate and/or Set Aside Order and Judgment" (Doc. 210). No party has responded to Mr. Gage's motion.

Plaintiff and defendant Douglas Gertsema reached a settlement agreement regarding plaintiff's claims. On May 11, 2009, Magistrate Judge O'Hara entered an order setting a status conference for May 27, 2009 "to hear any claim against the settlement funds paid by Mr. Gertsema for fees and expenses." Judge O'Hara instructed that "Mr. Gage shall appear in person at the conference if he wishes to pursue any claim against the settlement funds."

Judge O'Hara held the status conference as scheduled on May 27 and Mr. Gage appeared to make a claim for fees and expenses. Judge O'Hara heard evidence and entered an order on May 28, awarding Mr. Gage $3,750 in fees—half of the settlement amount—and denying him all claimed expenses. Mr. Gage asks the court to set aside the May 28 order because Judge O'Hara lacked authority to enter an order awarding attorney fees and Mr. Gage did not receive proper notice of the nature of the proceedings.

Mr. Gage's arguments do not impact this court's review of Judge O'Hara's decision. Even if Judge O'Hara entered an order purporting to determine a matter reserved for district court judges, this court may disregard the form of the order and consider it as a Report and Recommendation. *See, e.g., Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009) (citing *Lancer Arabians, Inc. v. Beech Aircraft Corp.*, 723 F. Supp. 1444, 1445–46 (M.D. Fla. 1989); *Zises v. Dep't of Soc. Servs.*, 112 F.R.D. 223, 227 (E.D.N.Y. 1986); *Neal v. Miller*, 542 F. Supp. 79, 81 (S.D. Ill. 1982); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1071 (9th Cir. 2004); *United States v. Weissberger*, 951 F.2d 392, 398 (D.C. Cir. 1991)). The court reviews such an filing under a *de novo* standard of review. It therefore does not matter whether the court sets aside Judge O'Hara's order or simply applies a *de novo* standard of review to the order; either way, the court reviews the entire record and does not give deference to Judge O'Hara's decision.

In light of the court's decision to treat Judge O'Hara's order as a Report and Recommendation, the court finds it appropriate to reopen the time to file objections to Judge O'Hara's order, for all parties. The court realizes that it has already denied Mr. Gage's motions for extension of time to file written objections. But Mr. Gage will now receive a second chance. Any objections are due ten business days from the date of service of this order. **No extensions of time will be granted.** Plaintiff has an interest in receiving her settlement funds, and the court does not intend to draw out this litigation any longer than necessary to determine the amount of funds that plaintiff is entitled to receive.

Mr. Gage complains that he did not have proper notice that he would be expected to present his case for attorney fees and expenses at the May 27 status conference. The court finds this position disingenuous. Judge O'Hara's May 11 order made clear the purpose of the May 27 status

-3-

conference. That said, in light of the present posture of the case, the court will give Mr. Gage one final opportunity to complete the record. If Mr. Gage timely files objections to Judge O'Hara's order, he may simultaneously supplement his oral representations and evidence presented at the May 27 status conference. Any such supplementation must be filed by the same deadline as the written objections. **Any document filed after this time will not be considered by the court. The court will not grant an extension of time to file a supplement.** If Mr. Gage does not file a supplement on or before the deadline for filing objections, the court will consider the record complete as presented to Judge O'Hara.

**IT IS THEREFORE ORDERED** that Mr. Gage's Motion to Vacate and/or Set Aside Order and Judgment (Doc. 210) is denied. The court does not set aside or vacate the order, but treats it as a Report and Recommendation. The court therefore reopens the time to file objections to the Report and Recommendation.

**IT IS FURTHER ORDERED** that any objections to Judge O'Hara's May 28 order must be filed within ten business days from the date of service of this order. **No extensions of time will be granted.**

**IT IS FURTHER ORDERED** that Mr. Gage may supplement his oral representations and evidence presented at the May 27 status conference. Any such supplementation must be filed by the same deadline as the written objections. **Any document filed after this time will not be considered by the court. The court will not grant an extension of time to file a supplement.**

Dated this 21st day of July 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**